NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIN SEANG,<br><br>                  Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                  Respondent. | No.   20-72532<br><br>Agency No. A209-394-126<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2022[**]
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Petitioner Bin Seang ("Seang") seeks review of the Board of Immigration

Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") adverse

credibility determination and denial of his applications for asylum and withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal. We review for substantial evidence, *see Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and deny the petition.

The IJ's adverse credibility determination was supported by substantial evidence. The IJ found several things detracted from Seang's credibility, including prior U.S. visa applications that misrepresented his employment and education and falsified prior travel to the EU. These lies were not necessary for immediate escape from persecution and demonstrate a willingness to lie to gain an immigration benefit, and therefore can permissibly support an adverse inference. *See Singh v. Holder,* 638 F.3d 1264, 1271–72 (9th Cir. 2011). In addition, Seang traveled to Malaysia and Singapore in 2015 but voluntarily returned to China. *See Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008) (willing return to the country of alleged persecution undermines testimony that applicant experienced persecution or feared returning home).

The IJ also noted discrepancies between Seang's testimony and application and the documentary evidence he submitted, including inconsistent statements identifying his hometown and about his mother's age. The IJ considered his explanations for the discrepancies but found them unpersuasive. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (IJ must consider but may reject an applicant's attempt to explain an inconsistency), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021).

The record viewed as a whole does not compel the conclusion Seang was credible. *See Li v. Garland*, 13 F.4th 954, 960–61 (9th Cir. 2021).

**PETITION DENIED.**